J-S34030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEMETRIUS CARLOS COLEMAN | : | |
| | : | |
| Appellant | : | No. 170 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 10, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004460-2017


BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED: February 13, 2024**

Appellant, Demetrius Carlos Coleman, appeals from his judgment of sentence of two consecutive life sentences for third degree murder, concurrent terms of lesser imprisonment, and court costs. Appellant argues that the court erred by refusing to waive court costs. Appellant's counsel seeks permission to withdraw and has filed an **Anders**[1] brief in which she concludes that all issues lack merit. We grant counsel's application for leave to withdraw, and we affirm.

On November 24, 2016, Appellant fled a traffic stop in East McKeesport, Allegheny County and led police on a high-speed car chase until he crashed into another vehicle, instantly killing three individuals: David Bianco, Kaylie Meininger, and their two-year-old daughter. Appellant was charged with, *inter*

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

*alia*, three counts of third-degree murder. A jury convicted him of all three counts of murder and many lesser charges. The trial court sentenced him to 70 to 140 years in prison.

Appellant appealed to this Court, which rejected all arguments raised in Appellant's brief, including challenges to evidentiary rulings and the discretionary aspects of his sentence. ***Commonwealth v. Coleman***, 249 A.3d 1143, 2021 WL 467585, \*\*1-6 (Pa. Super., Feb. 9, 2021). The Commonwealth cross-appealed as to whether the sentencing court erred by refusing to impose sentences of life imprisonment without parole ("LWOP") under 42 Pa.C.S.A. § 9715(a) on the murder charges relating to Meininger and the child in Counts 2 and 3 of the criminal information. Section 9715(a) provides that any person convicted of third-degree murder "in this Commonwealth who has previously been convicted at any time of murder . . . . be sentenced to life imprisonment." ***Id.*** The Commonwealth argued that this provision applied because, at the time of sentencing on Counts 2 and 3, Appellant would have a previous conviction for murdering Bianco in Count 1 of the information. This Court held that Section 9715(a) applied and remanded for resentencing. ***Coleman***, 2021 WL at 467585, \*\*6-7.

Appellant petitioned for allowance of appeal to our Supreme Court, which granted allocatur and affirmed this Court's judgment. ***Commonwealth v. Coleman***, 285 A.3d 599 (Pa. 2022). The Court held that Section 9715 is not a recidivist statute, and so the phrase "previously been convicted at any

time" includes situations where the multiple offenses and deaths were simultaneous. *Id.* at 612-14.

On remand, the trial court held a resentencing hearing on January 10, 2023, and imposed two consecutive LWOP sentences on Counts 2 and 3. The court also imposed an aggregate concurrent term of two to four years' imprisonment for lesser offenses, *e.g.*, aggravated assault by vehicle. During this hearing, Appellant asked the sentencing court to waive court costs, but the court refused to do so. N.T., 1/10/23, at 8–10.

Appellant filed a timely notice of appeal. Subsequently, trial counsel moved to withdraw as counsel and requested appointment of new counsel for Appellant. The trial court granted this motion and appointed new counsel. On April 26, 2023, new counsel filed a timely statement of intent to file an *Anders* brief in lieu of filing a statement of errors complained of on appeal.

Appellant's *Anders* brief raises a single issue, "Did the court err in denying [Appellant's] motion to waive payment of court costs in that the monthly deduction of a percentage of the costs owed from his prison account imposes an undue hardship?" *Anders* Brief at 4. Before we may consider the merits of Appellant's claim, we must address the adequacy of counsel's compliance with *Anders* and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the

merits of the underlying issues without first passing on the request to withdraw").

This Court directed in **Commonwealth v. Orellana**, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.
>
> Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

*Id.* at 879-80 (citation and internal quotations omitted). Counsel's brief complies with these requirements by (1) providing a summary of the procedural history and facts with citations to the record; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. In addition, counsel sent his brief to Appellant with a letter

advising him of the rights listed in **Orellana**. Accordingly, all **Anders** requirements are satisfied.

We now examine the issue counsel identified in the **Anders** brief and conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*). "If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). If there are non-frivolous issues, we will deny counsel's petition to withdraw and direct counsel to file an advocate's brief. **Id.**

The scope of potential claims that Appellant can raise in this appeal is limited because this is an appeal following a remand for a resentencing and Appellant already has had the benefit of a direct appeal in which he challenged certain evidentiary rulings and the discretionary aspects of his sentence. The resentencing from which Appellant now appeals took place because of the remand for imposition of two mandatory life sentences. Since the trial court could not exceed the scope of the remand, **Commonwealth v. Sepulveda**, 144 A.3d 1270, 1280 n. 19 (Pa. 2016), the only claims Appellant could raise in the present appeal had to arise during the resentencing hearing.

Only two conceivable claims arise from the resentencing hearing: the discretionary aspects of the non-LWOP portions of his new sentence and Appellant's request for waiver of his court costs. Both issues are frivolous.

Appellant's **_Anders_** brief did not challenge the discretionary aspects of the non-LWOP components of his new sentence, an aggregate concurrent term of two to four years concurrently to two mandatory life sentences. Nevertheless, any challenges to the non-LWOP components of sentence would be meaningless because they run parallel to two consecutive life sentences without possibility of parole. Additionally, any challenges would be moot, because Appellant already has finished serving the non-LWOP sentences. His judgment of sentence states that he has served 2,226 days in prison, well over four years.

The issue discussed in the **_Anders_** brief, Appellant's objection to the court's refusal to waive court costs, is frivolous as well. Appellant claimed at resentencing that imposition of costs would prevent him from purchasing personal items in prison. N.T., 1/10/23, at 8–10. The court responded that the court costs will be paid in a series of installments, "A percentage of your earnings will go to your court costs. You'll get them paid off eventually." **_Id._** at 10. In effect, Appellant asked the court to take evidence on whether he was financially able to pay the costs. Under the Rules of Criminal Procedure, however, the court was not required to take this step because Appellant had not yet defaulted on any payment.

To elaborate, Pennsylvania Rule of Criminal Procedure, the lone provision that governs payment of costs, provides:

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

\*\*\*

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent.  At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule.  Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

*Id.*   Our Supreme Court has held that "Rule 706 requires the court to determine the defendant's ability to pay prior to committing [her] to prison for a default but no sooner." *Commonwealth v. Lopez*, 280 A.3d 887, 901 (Pa. 2022).

Under these authorities, the issue of Appellant's ability to pay costs is not ripe, and it will never ripen unless he actually defaults in his payments and is threatened with prison time for noncompliance.   The *Anders* brief correctly recognized this point, stating:

Because [Appellant] has not defaulted in making the installment payments through deductions from his prison account, and he was not facing imprisonment for failure to pay court costs, the

- 7 -

sentencing court did not have an affirmative duty to hold an ability-to-pay hearing prior to imposing mandatory costs.

*Anders* Brief at 9. Furthermore, it is exceedingly unlikely that Appellant will ever face imprisonment for failure to pay court costs, since he already is serving two consecutive sentences of life imprisonment without parole for his crimes, and his costs will be paid in installments through deductions from his earnings in prison. Put more simply, the issue of Appellant's ability to pay costs probably will never ripen.

We agree with Appellant's counsel that the issue of payment of costs addressed in the *Anders* brief is frivolous. Further, after conducting our own review of the record, we find no arguably meritorious issues that counsel missed or misstated. Therefore, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2024